## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

vs.

JOSEPH GUMATAOTAO TUNCAP,
DOB: 05/21/1953

Defendant.

) CRIMINAL CASE NO. CF0643-10
)
)
)
)
) DECISION AND ORDER
) (Motion in Limine)
)
)
)
)
)
)
)

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on August 28, 2012, for a hearing on Joseph Gumataotao Tuncap's ("Defendant") Motion in Limine. Attorneys Leevin T. Camacho and Julian Aguon appeared on behalf of Defendant. Assistant Attorney General Jesse J.N. Nasis appeared on behalf of the People of Guam ("the People"). Upon review of the evidence, oral and written arguments, and legal authorities presented by both attorneys, the Court hereby issues this Decision and Order.

## BACKGROUND

Defendant was indicted on November 9, 2010 charged with the following: (1) Burglary (As a 2nd Degree Felony) (3 counts) (2) Attempted Theft of Property (As a 2nd Degree Felony) (2 counts) and (3) Theft of Property (As a 3rd Degree Felony). Indictment (Nov. 9, 2010). Prior

to jury selection and trial, Defendant filed several Motions in Limine. Defendant's Mot. in Limine (Aug. 24, 2012 & Aug. 23, 2012).

## DISCUSSION

### I.    Defendant's First Motion Limine

Defendant moves this Court in limine prior to the commencement of trial to exclude the potential introduction of photographs, duplicates and evidence regarding uncharged crimes and acts. Specifically, Defendant in his First Motion in Limine cites that "all the cash confiscated from [his] person was released and that the destruction of this evidence is prejudicial." Def's Mot. in Limine (Aug. 23, 2012). In view of this, Defendant requests that the Government not be allowed to introduce anything other than the original evidence at trial. *Id.* In addition, Defendant requests that "based on the destruction of the evidence by the Guam Police Department, no officers be permitted to testify about said currency. *Id.*

The People oppose Defendant's Motion in Limine. The People argue that "the task of determining the weight of the evidence and inconsistencies of testimony lies within the purview of the jury." People v. Quintanilla, 2001 Guam 12 ¶ 38. "Whether the cash seized by police and returned to the victim belonged to Defendant, and whether the cash was the 'only' evidence found on Defendant and in his car are factual disputes that a jury is fully capable of deciding." People's Opposition to Def's Mot. in Limine Filed Aug. 23, 2012 (Aug. 27, 2012). The People also contend that photocopies of the seized cash were included in discovery previously provided to Defendant, specifically pages 30-51. Moreover, the People cite to Guam Rules of Evidence Rule 1003 which states: that [a] duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original. *Id.* The People also cite to U.S.

v. Angle on the proposition that the Court can admit photocopies of the seized cash even though it was returned to the victim. 230 F.3d 113, 121 (4th Cir. 2000). Lastly, the People argue that Defendant fails to provide authority for his request that no officers be permitted to testify about the seized cash because it was released to the victim. The Court agrees with the People.

Motion in Limine is a pretrial request that certain inadmissible evidence not be referred to or offered at trial. Typically, a party makes this motion when it believes that mere mention of the evidence during trial would be highly prejudicial and could not be remedied by an instruction to disregard. BLACK's Law Dictionary (2nd Pocket Ed.).

Generally, evidentiary motions, such as motions in limine, are directed to the trial court's discretion. People v. Harvey, 211 Ill. 2d 368 (2004). Authority to grant or deny a motion in limine rests in the inherent power of the court to admit or exclude evidence and to take such precautions as are necessary to afford a fair trial for all parties. State v. Zakovi, 110 P. 3d 469, 472 (2005). A motion in limine should be granted only when the trial court finds two factors are present: (1) the material or evidence in question will be inadmissible at a trial under the rules of evidence; and (2) the mere offer of evidence or statements made during the trial concerning the material will tend to prejudice the jury. Hersick v. State, 904 So.2d 116, 127 (Miss. 2004).

## II. Defendant Second Motion in Limine

Defendant also moves the Court in limine to exclude photographs that do not fairly and accurately depict the evidence at the time that the times were seized. Defendant specifically points to a crime scene photograph bate stamp No. 78 (Exhibit A) and bate stamp No. 79 (Exhibit B). Defendant argues that "[t]hese items have been arranged by GPD in a manner that

suggests all of these items, including GPD's brown paper bags, were found together in the trunk of [Defendant's] car. Def's Mot. in Limine (Aug. 24, 2012).

The People oppose Defendant's Second Motion in Limine arguing that Guam Rules of Evidence Rule 901 and People v. Quintanilla does not bar admission of the photographs. "The People argue that [they] can and will provide testimony from Guam Police Department officers that the photographs were taken at the crime scene and depict items that were found on Defendant and/or in Defendant's car." People's Opposition to Defendant's Mot. in Limine Filed Aug. 24, 2012 (Aug. 27, 2012).

Guam Rules of Evidence provides the following relative to authentication:

> (a) General provision. The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.

Guam R. Evid. 901.

The Court is also cognizant with regard to the prejudicial effect versus probative value of evidence introduced at trial as cited in oral arguments by Defendant and resorts to Rule 403 of the Rules of Evidence which provides:

> Although relevant, evidence may be excluded if its probative value is substantial outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

6 G.C.A. § 403.

The [u]nfair prejudice as used in the rule authorizing the exclusion of relevant evidence on the grounds of unfair prejudice, is not satisfied by evidence that is merely adverse to the opposing party. Learmonth v. Sears, Roebuck & Co., 631 F.3d 724, 733 (5th Cir. 2011). "In presenting the evidence, it is the Government's burden to show that the evidence is in substantially the same condition when it was seized. The evidence may be admitted if there a

reasonable probability that the evidence had not been changed in important aspects. It is important to note, however, that defect in the chain of custody goes to the weight of the evidence, not to its admissibility." People v. Quintanilla, 2001 Guam 12 ¶ 32. Consequently, the Court agrees with the People.

Therefore, based on the following reasons, the Court denies Defendant's Motion in Limine.

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court DENIES Defendant's Motion in Limine

**SO ORDERED** this _28_ day of August, 2012.

HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

AUG 28 2012

Edna M. Nego
Deputy Clerk, Superior Court of Guam